# Exhibit 2

# Affidavit of Monica Ward

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RON BROWN,

     *Plaintiff,*

*v.*

                                        Civil Action No.
                                        1:23-cv-02487-MLB-LTW

LIFE UNIVERSITY, INC.,

     *Defendant.*

## AFFIDAVIT OF MONICA WARD

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Monica Ward, who, after being duly sworn, deposes and states:

### BACKGROUND

1.     My name is Monica Ward. I am of the age of majority, and I suffer from no legal disabilities affecting my ability to give complete and honest testimony. The facts set forth in this affidavit are based upon my personal knowledge and involvement in this matter and are true and accurate to the best of my knowledge.

2.     I am the Director of Employee Engagement in the Human Resources Department at Life University. In that capacity, I work with supervisors with regard to employee discipline, as well as respond to employees' interpersonal complaints regarding their peers and supervisors, including complaints of discrimination. I held this position at all times relevant to this litigation, including July and August of 2022.

3.    Life University contracts out payroll processing and time-and-attendance tracking to the company ADP. ADP Payroll Services provides, among other things, software through which employees of its client organizations, including Life University, enter their time-and-attendance information. This information includes the hours an employee worked, as well as any personal or vacation leave that employee took. Employees are required to log into the ADP software using a username and password unique to them.

4.    This software also allows certain authorized users, such as myself, to view other employees' time records. Those records track which user entered a particular time entry, whether it has been modified after its initial entry and, if it has, by whom and when. These records are generated by the ADP software automatically.

5.    Certain users, such as certain supervisors, are authorized to enter time into the system on behalf of their supervisees. Thus, for example, when an employee calls out sick, his or her supervisor may enter that employee's personal leave hours into ADP's software. However, when a supervisor enters time or modifies time for another user, ADP's software records that the supervisor, rather than the supervisee, made that entry or modification.

6.    Life University policy and practice requires that employees enter their worked hours into ADP's software after they have actually worked those hours, rather than expected working hours in advance. This helps to ensure that employees enter their time accurately. Life University considers falsely entering time—particular overreporting time—to be a serious offense that calls

for termination. Under Life University's policies, it is an employee's
responsibility to ensure that he accurately enters his time into ADP.

### AUGUST 2022 INVESTIGATION OF FALSIFIED TIME

7.     On or around August 15, 2022, Colin Hilley informed me that
Ronald Brown had informed him that a temporary employee in the Grounds
Department—Adamari Obregon—had been falsely stating in her timesheets
that she worked hours she did not work. She was terminated.

8.     The week after Obregon was terminated, Javier Cabanas told
Hilley—who then informed me—that Brown may have falsely entered his time
into ADP. Hilley provided me with text messages he received from Brown in
which Brown called out sick on August 11 and 12, 2023. Those text messages
are attached to this Affidavit as Exhibit A. However, the records produced by
ADP's software showed me that, on August 17, 2022, Brown had recorded
8 worked hours for August 12. I verified this with Life University's HRIS
Coordinator/IT Liaison. Our review of ADP's software contained no evidence
that anyone other than Brown had entered or modified Brown's time records
for August 12, 2022, prior to our review. Thus, I was able to independently
confirm that Brown had falsified his timesheet.

9.     In conducting my investigation of Brown's timekeeping, I did not
rely solely on Cabanas nor Hilley's statements and therefore, independently
verified the facts stated in paragraph 8.

10.     After this issue was brought to my attention, I investigated
whether other individuals in the Grounds Department were falsifying their
time. Hilley provided me with a calendar the Grounds Department kept,

separate from the ADP records, where they recorded when people had called out or taken investigation, so that those employees' work responsibilities could be covered. I compared that information to the information recorded in ADP to determine whether other Grounds Department staff were inaccurately reporting that they had worked during hours that they did not work.

11.    My investigation revealed that Javier Cabanas, using his login credentials, sometimes entered personal leave for his supervisees when they called out sick, but he did not do so consistently. I recommended to Hilley that Cabanas be reprimanded for this, as it was inconsistent with University policy and practice and could result in inaccurate timekeeping.

## BROWN'S TERMINATION

12.    Based on the information I reviewed in ADP's software, I agreed with Hilley that Brown had been falsely entering his time, in violation of Life University's policies and practice. I considered this to be a terminable offense. Moreover, Brown had received a final written warning in May 2022 for other violations of our Honor Code. For these reasons, I concurred in Hilley's recommendation that Brown be terminated.

13.    I attended the meeting at which Brown was informed of his termination. During the meeting, Hilley explained to Brown that he was being terminated because he had falsified his time and had behaved inappropriately and unprofessionally by being rude to a temporary employee. In response, Brown denied both accusations, but did not identify any evidence that might contradict the ADP records or explain how they might have been falsified.

*Continued from previous page*

Monica Ward

Sworn and subscribed before me
this ___3___ day of July 2024.

Notary Public

My commission expires: _____

LINDA MARLOWE
MY COMMISSION EXPIRES
NOTARY
PUBLIC
06-23-2028
COBB COUNTY, GEORGIA





# Exhibit A

LIFE 000054